**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Guadalupe NIEVES–ALVAREZ, Defendant–Appellant.**

No. 04–40805.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Jeffrey L. Wilde, Assistant Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Guadalupe Nieves–Alvarez ("Nieves") pleaded guilty to the offense of being unlawfully found in the United States after deportation subsequent to an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 46 months in prison and three years of supervised release.

For the first time on appeal, Nieves argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). He also asserts that if *Almendarez–Torres* is overruled and *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is held to apply to the federal sentencing guidelines, then the calculation of his sentence would be unconstitutional. Nieves's arguments are, as he concedes, foreclosed. *See Almendarez–Torres,* 523 U.S. at 235, 239–47, 118 S.Ct. 1219; *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004)(No. 04–5263); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Nieves's conviction and sentence are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.